UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDWIN RUIZ GUERRERO, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NWESTCO, LLC, a Colorado Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>　　　　Defendant. | No. 2:22-cv-01620 WBS JDP<br><br>MEMORANDUM AND ORDER RE: <u>PLAINTIFF'S MOTION TO REMAND</u> |

----oo0oo----

　　　　Plaintiff Edwin Ruiz Guerrero initiated this putative class action against defendant Nwestco, LLC, alleging wage and hour violations under the California Labor Code, California Business and Professions Code, and the Private Attorneys General Act of 2004 ("PAGA"). (See First Am. Compl. ("FAC") (Docket No. 10).) Defendant removed the action to this court from the Sacramento County Superior Court. (Docket No. 1.) Plaintiff now

moves to remand. ("Mot." (Docket No. 7).)

## I. Legal Standards

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is a "strong presumption" against exercising removal jurisdiction when the amount in controversy is in question, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

The amount in controversy includes "all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails," Chavez. v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018), which may include "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees under fee shifting statutes," Gonzalez v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016).

"In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Chavez, 888 F.3d at 416. When a plaintiff's state court complaint does not specify an amount of damages, the removing defendant bears the burden of establishing,

by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  "Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount."  Id. (internal quotation marks omitted).  A defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014).  However, conclusory allegations as to the amount in controversy are insufficient.  See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017).

II. Discussion

The named plaintiff in this putative labor class action only disputes that the requisite amount in controversy has been met.  (See Mot. at 3.)  Defendant argues that the amount in controversy is satisfied based on the damages and penalties associated with plaintiff's claims and plaintiff's anticipated attorneys' fees.  (See Def.'s Opp'n. (Docket No. 11) at 2.)[1]  The court will address each in turn.

    A.  Value of Plaintiff's Claims

---

[1] Plaintiff contends that the court should not consider the arguments raised in defendant's opposition brief because it failed to raise them in its notice of removal.  However, "a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met."  Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020).  On a motion to remand, the court is not required to only consider the notice of removal, but rather can also consider "summary-judgment-type evidence relevant to the amount in controversy."  See Chavez, 888 F.3d at 416.

        Because class members in a putative labor class action do not seek to "enforce a single title or right in which they have a common and undivided interest," their claims cannot be aggregated to satisfy the amount in controversy. See Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1122 (9th Cir. 2013). Similarly, multiple employees' potential PAGA penalties against a single employer cannot be aggregated in calculating the amount in controversy. Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1119 (9th Cir. 2014) (citing Urbino, 726 F.3d 1118).

        Both parties presented calculations of the expected damages and penalties associated with plaintiff's individual claims. Defendant provided an estimate of $39,520.15 (Ex. A to Decl. of Walt Whelan ("Def.'s Summ.") (Docket No. 11-1) at 1-3), while plaintiff provided an estimate of $14,579 (Pl.'s Reply at 8).

        Defendant's estimates are conclusory and assume various figures with little justification. (See generally Def.'s Summ.) In contrast, plaintiff accurately analyzed the applicable law and corrected significant calculation errors made by defendant. (See Pl.'s Reply at 5-8.) Defendant's first error was the application of wage penalties based on hours worked instead of pay periods under Cal. Lab. Code § 1197.1. (See Def.'s Summ. at 1.) Plaintiff worked a total of seven pay periods. (Decl. of Sherry Tiller (Docket No. 11-3) at 2.) The correct penalties are $100 for the first pay period and $250 for each of the six subsequent pay periods, for a total of $1,600. See Cal. Lab. Code § 1197.1(a). Defendant's calculation of $16,600 (Def.'s Summ. at 1) thus overestimates the wage penalties by $15,000.

4

           The second error was the application of penalties for "subsequent citations" for wage statement violations under Cal. Lab. Code § 226.3.  (See Def.'s Summ. at 2.)  Because no "initial citation" was alleged by plaintiff or demonstrated by defendant (see FAC at 17-18; Def.'s Summ. at 2), increased penalties for subsequent citations are inappropriate.  See Cal. Lab. Code § 226.3; Garcia v. Commonwealth Fin. Network, No. 20-cv-1483 BAS LL, 2020 WL 6886267, at *6 (S.D. Cal. Nov. 24, 2020); Snow v. United Parcel Serv., Inc., No. EDCV-20025 PSG AFM, 2020 WL 1638250, at *4 (C.D. Cal. Apr. 1, 2020).  The applicable penalty is $250 for each of the seven pay periods, totaling $1,750.  See Cal. Lab. Code § 226.3.  Defendant's calculation of $6,250 (Def.'s Summ. at 2) therefore overestimates the wage statement penalties by $4,500.  Because these penalties are enforceable under PAGA, this error affects the overall calculation of PAGA penalties, discussed in further detail below.

           Defendant's third error was the improper inclusion of the Labor and Workforce Development Agency's ("LWDA") share of PAGA penalties.  (See Def.'s Summ. at 2).  Under PAGA, civil penalties recovered by aggrieved employees are distributed as follows: "75 percent to the [LWDA] and 25 percent to the aggrieved employees."  Cal. Lab. Code § 2699(i).  While there is a split among district courts on the issue, this court has previously held that the LWDA's portion of PAGA penalties is not to be considered when calculating the amount in controversy.  See Escobar v. Capstone Logistics, LLC, No. 2:20-cv-02501 WBS JDP, 2021 WL 913174, at *2-3 (E.D. Cal. Mar. 10, 2021).  In Urbino v. Orkin Services of California, Inc., 726 F.3d 1118 (9th Cir.

5

2013), the Ninth Circuit found that "[t]he state, as the real party in interest [with respect to the LWDA's share of PAGA penalties], is not a 'citizen' for diversity purposes." See Escobar, 2021 WL 913174, at *3 (quoting Urbino, 726 F.3d at 1122-23). This language "implies that . . . [the state]'s interest is not to be considered." Id. (quoting Hesselink v. Am. Fam. Life Assurance Co. of Columbus, No. SACV-20-02051 CJC DFM, 2020 WL 7768711, at *3 (C.D. Cal. Dec. 30, 2020)). The LWDA's share of the PAGA penalties associated with plaintiff's claims should therefore not be included in calculating the amount in controversy. See id.

After correcting the calculation of penalties under § 226.3, the total available PAGA penalties are $7,254. (See Def.'s Summ. at 2-3; Pl.'s Reply at 8-9.) Plaintiff's 25% share of those penalties is $1,813.50. Defendant's calculation of $11,754 therefore overstated the applicable PAGA penalties by $9,940.50. (See Def.'s Opp'n at 2-3; Pl.'s Reply at 9.) Altogether, defendant overestimated the value of the claims by $24,940.50.[2]

In addition to correcting the multiple calculation errors discussed above, plaintiff's estimate is more than generous to defendant as it incorporates defendant's factual assumptions (while not conceding that they are accurate). (See Pl.'s Reply at 9.) Accordingly, the court will adopt plaintiff's

---

[2] This $24,940.50 figure results from $15,000 in overestimated minimum wage penalties plus $9,940.50 in overestimated PAGA penalties.

estimate of damages and penalties totaling $14,579.[3]  In order to satisfy the $75,000 amount in controversy requirement, defendant must therefore establish that plaintiff's attorneys' fees are likely to exceed $60,421.

B. Attorneys' Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy," Shoner v. Carrier Corp., 30 F.4th 1144, 1148 (9th Cir. 2022) (citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998), including attorneys' fees incurred after the time of removal, Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018).  If plaintiff prevails on his wage and hour and PAGA claims, he will be entitled to attorneys' fees as a matter of right.  See FAC; Cal. Lab. Code §§ 218.5, 226, 1194, 2699.  Accordingly, the court may consider attorneys' fees when assessing the amount in controversy.

Because this case was brought as a putative class action, the court must first address whether it should consider potential attorneys' fees as to the entire putative class or as to the single named plaintiff.  In Gibson v. Chrysler Corp., the Ninth Circuit addressed this issue in the context of attorneys' fees sought under Cal. Civ. Proc. Code § 1021.5, which deals with actions enforcing a right that affects the public interest.  See 261 F.3d 927, 942 (9th Cir. 2001), holding modified on other

---

[3] This $14,579 figure results from defendant's original $39,520.15 estimate reduced by $24,940.50 to account for calculation errors, rounded down to the nearest dollar.

grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005). The Gibson court found that an entire class's anticipated attorneys' fees cannot be allocated to a named plaintiff for purposes of satisfying the amount in controversy. See id. at 941. It based this finding on the language of the authorizing statute, which provides that a court may award attorneys' fees "to a successful party" rather than to a named or representative party. See id. at 942-43 (quoting Cal. Civ. Proc. Code § 1021.5) (emphasis in original).

Here, the relevant California Labor Code sections are analogous because they do not specify that only a named or representative party is entitled to attorneys' fees. See Cal. Lab. Code § 218.5 (court shall award attorneys' fees "to the prevailing party"); Cal. Lab. Code § 226 ("an employee suffering injury" is entitled to attorneys' fees); Cal. Lab. Code § 1194 ("any employee" that suffered a violation is entitled to attorneys' fees); Cal. Lab. Code § 2699 ("[a]ny employee who prevails in any action" is entitled to attorneys' fees). See also Canela v. Costco Wholesale Corp., 971 F.3d 845, 850 (9th Cir. 2020) (indicating that Gibson rule applies in the class action and PAGA contexts); Magee v. Iconix Waterworks (US) Inc., No. 2:20-cv-00840 KJM DB, 2020 WL 4188607, at *3 (E.D. Cal. July 21, 2020) (applying Gibson in putative class action involving claims under Cal. Lab. Code § 218.5); Davenport v. Wendy's Co., No. 2:13-cv-02159 GEB, 2013 WL 6859009, at *2 (E.D. Cal. Dec. 24, 2013) (applying Gibson in putative class action involving claims under Cal. Lab. Code §§ 226, 1194, and 2699). The court will therefore consider attorneys' fees only as to the single named

8

plaintiff.[4]

The parties' briefing assumes that attorneys' fees should be calculated as if the action were to proceed as to a single plaintiff. (See Def.'s Opp'n at 6; Pl.'s Reply at 9-13.) However, that is not the approach required by the Ninth Circuit. Rather, plaintiff's pro rata share of the class-wide attorneys' fees should be used in calculating the amount in controversy. See Canela, 971 F.3d at 850 (explaining that the Ninth Circuit "consider[s] a successful party's pro rata share of attorneys' fees in assessing whether her claim meets the jurisdictional threshold") (citing Gibson, 261 F.3d at 942). As a result, defendant must establish that plaintiff's pro rata share of the class-wide attorneys' fees is likely to exceed $60,421.

In cases involving a "common fund" that is distributed to class members, district courts can award attorneys' fees based on either a percentage of the total fund or a lodestar calculation that incorporates reasonable valuations of the hours expended and the hourly rate. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). "The reasonableness of attorneys' fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorneys' fees awards in similar cases." Garnett v. ADT LLC, 74 F. Supp. 3d 1332, 1337 (E.D. Cal. 2015) (Shubb, J.) (citing Garcia, 2014 WL 2468344, at *5; Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th

---

[4] Even if a class is ultimately not certified, this action could proceed as a representative action under PAGA. As the foregoing analysis indicates, only the plaintiff's pro rata share of attorneys' fees for a PAGA claim--which are provided for by Cal. Lab. Code § 2699--is considered when calculating the amount in controversy.

Cir. 2005)).  In determining what constitutes a reasonable attorneys' fee, district courts may rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees."  Oth Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).  A district court's evaluation of the likelihood of settlement is also a relevant consideration in determining future attorneys' fees.  See Fritsch, 899 F.3d at 795.

If the lodestar method is used to calculate attorneys' fees, plaintiff's pro rata share would be insufficient to satisfy the amount in controversy.  Defendant estimates that the putative class contains 70 members.  (Notice of Removal (Docket No. 1) at 2.)  Assuming for purposes of this inquiry that all 70 class members would receive an equal share of the common fund and thus should be allocated an equal share of the attorneys' fees, plaintiff's counsel would need to be awarded $4,229,470[5] as a "reasonable" attorneys' fee award.  See Buchanan v. Aramark Campus, LLC, No. 19-cv-00384 VKD, 2019 WL 3302164, at *7 (N.D. Cal. July 23, 2019) (applying similar calculation in determining total requisite attorneys' fees based on plaintiff's pro rata share).

Even if the court adopts defendant's suggested billing rate of $700 per hour,[6] the result is a total of 6,042.1 attorney

---

[5] This $4,229,470 figure results from $60,421 in attorneys' fees multiplied by 70 class members.

[6] Defendant requested that the court take judicial notice of a declaration filed in support of an attorneys' fees motion by plaintiff's counsel Jonathan Melmed in a different labor class action, Curtis Markson et al. v. CRST Int'l, Inc. et al., No. 5:17-cv-01261 SB SP.  (Ex. A to Def.'s Req. for Judicial Notice ("Melmed Decl.") (Docket No. 11-5 at 4-24.)  Defendant's request

1  hours.[7]  Comparable class actions typically settle prior to
2  trial, with under 500 attorney hours expended.  See, e.g.,
3  Torchia v. W.W. Grainger, Inc., 304 F.R.D. 256, 273 (E.D. Cal.
4  2014) (Thurston, J.) (487.85 hours expended prior to approval of
5  settlement in 2000-member labor class action); Vasquez v. Coast
6  Valley Roofing, Inc., 266 F.R.D. 482, 491 (E.D. Cal. 2010)
7  (Wanger, J.) (295 hours expended prior to approval of settlement
8  in 177-member labor class action).  And even if the instant case
9  were to go to trial, defendant has provided no evidence
10 indicating that it would require the expenditure of 6,000 hours.
11 By comparison, another judge in this court previously found that
12 4,016.74 hours was a reasonable amount billed in a case litigated
13 through trial that consolidated five separate wage and hour class
14 actions and involved three certified classes represented by
15 multiple law firms.  See In re Taco Bell Wage & Hour Actions, 222
16 F. Supp. 3d 813, 837 (E.D. Cal. 2016) (Boone, J.).

17          Alternatively, using a percentage-based calculation of
18 attorneys' fees would be similarly insufficient.  Percentage-
19 based attorneys' fees typically constitute 20-30% of the common
20 fund.  Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir.
21 2002).  For the requisite attorneys' fees of $4,229,470 to

---

for judicial notice (Docket No. 11-5) is hereby GRANTED.  See Burbank-Glendale-Pasadena Airport Authority v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998).

    This document indicates that Attorney Melmed's hourly billing rate is $700 (Melmed Decl. at 15), which plaintiff does not seem to dispute (see generally Pl.'s Reply).

    [7]  This 6,042.1 hour figure results from $4,229,470 total requisite attorneys' fees divided by a $700 hourly rate.

11

constitute 30% of the common fund, the total fund would need to be worth $14,098,233.  By contrast, assuming for these purposes that all class members' claims are worth the same as the named plaintiff's claims, the total value of the class claims would be only $1,020,530.[8]  There is no reason to believe that the class-wide attorneys' fees, whether awarded under the lodestar or percentage method, would reach the requisite amount of $4,229,470.

Accordingly, the court finds that defendant has not proven by a preponderance of the evidence that the $75,000 amount in controversy threshold is satisfied and has therefore failed to overcome the presumption in favor of remand.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 7) be, and the same hereby is, GRANTED.[9]  This case is hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.

Dated:   November 15, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[8] This $1,020,530 figure results from $14,579 multiplied by 70 class members.

[9] The court will not address plaintiff's evidentiary objections (Docket No. 12-1) as they would not alter the court's ruling even if sustained.

12